UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED POLICYHOLDERS,<br>    381 Bush Street, 8th Floor<br>    San Francisco, CA 94104<br><br>        Plaintiff,<br><br>    vs.<br><br>FEDERAL EMERGENCY MANAGEMENT<br>AGENCY,<br>    500 C Street S.W.<br>    Washington, D.C. 20472<br><br>        Defendant. | CIV. ACTION NO. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Plaintiff United Policyholders ("UP" or "Plaintiff") brings this action against Defendant Federal Emergency Management Agency ("FEMA" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to order the production of agency records improperly withheld from UP by Defendant and to require Defendant to publish and index final opinions and other records pertaining to adjudication of disputes or claims under the National Flood Insurance Program ("NFIP").

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action and venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. UP is a non-profit 501(c)(3) organization founded in 1991 that serves as a voice and an information resource for insurance consumers in all 50 states. UP assists and educates disaster victims and individual and commercial policyholders with regard to numerous insurance

products, including property policies that address water and flood damage.  UP has in-person, telephone and email communications with NFIP policyholders and field experience with NFIP claims and appeals following natural disasters in communities throughout the United States. Through an Advocacy and Action program, UP advances policyholders' interests and legal rights by filing *amicus curiae* briefs in courts across the U.S. and by working with elected officials in legislative and regulatory proceedings.  UP does not sell insurance or accept funding from insurance companies.

4. Defendant is an agency of the United States Department of Homeland Security, a cabinet department of the United States Government.  Defendant is charged with administering the National Flood Insurance Program ("NFIP"), which offers flood insurance that can be purchased through private property and casualty insurance agents.  UP seeks access to records pertaining to the NFIP, of which Defendant has possession, custody, and control.

## STATEMENT OF FACTS

5. The NFIP was designed by Congress to provide an insurance alternative to disaster recovery assistance by providing access to federally backed flood insurance protection for property owners.

6. Pursuant to the National Flood Insurance Act, 42 U.S.C. § 4011 *et seq.*, and the Flood Insurance Reform Act of 2004, Pub. L. 108-264, Congress mandated that FEMA implement and administer a formal, consistent, and fair appeals process for policyholders who are dissatisfied with a decision about their insurance coverage or claims under the NFIP.

7. On or about October 29, 2012, a meteorological event known as "Superstorm Sandy" (hereinafter "Sandy") devastated communities along the Eastern seaboard with concentrated damage in coastal areas in New York and New Jersey.  Many thousands of

impacted property owners filed claims under home and flood insurance policies, and sought assistance from UP in connection with those claims. The vast majority of Sandy victims carrying insurance for the peril of flood are NFIP policyholders.

8. From October 29, 2013 through the present, UP has been providing information and self-help tools to Sandy victims through its "Roadmap to Recovery" program and workshops and publications. This program provides guidance on best practices for loss evaluation, securing timely flood claim settlements, pursuing appeals and resolving disputes.

9. By letter dated September 18, 2014, UP requested access to records maintained by FEMA regarding the appeal process for NFIP claims, the total number of appeals received or processed by the NFIP since October 2012, and internal guidance on claims pertaining to the NFIP ("FOIA Request"). A copy of this letter is attached as Exhibit 1.

10. In its September 18, 2014 letter, UP noted that FEMA had identified "2,647 properly filed appeals since October 2012" in response to a prior, related FOIA request by UP. However, FEMA did not produce any records pertaining to those appeals. UP's September 18, 2014 letter specifically states that the 2,647 appeal records are responsive to the requests made in that letter and seeks, *inter alia,* disclosure of those records.

11. By letter dated October 16, 2014, Defendant acknowledged receipt of UP's FOIA Request. Defendant also stated that it "invoke[s] a 10-day extension for [UP's] request, as allowed by Title 5 U.S.C. § 552(a)(6)(B)." A copy of this letter is attached as Exhibit 2.

12. After receiving no follow up from Defendant on its October 16, 2014 letter, UP requested an update on the status of the FOIA Request by email dated December 16, 2014. A copy of this correspondence is attached as Exhibit 3.

13. On December 18, 2014, FEMA informed UP that its FOIA Request "has been tasked to the appropriate agency component to begin a search for responsive documents." FEMA also relayed an inquiry from its agency component to UP: "What specific information as it relates to the August testimony indicated in the request does the requestor want and/or need? Can they be more specific in order to provide a further response."

14. UP responded, by email, to FEMA's inquiry on the same day and provided the requested "clarification." A copy of this correspondence is attached as Exhibit 4.

15. As of the date of this action, UP has not received any further correspondence or determination on its FOIA Request from Defendant, despite the expiration of the statutory deadline months ago.

16. Moreover, FOIA requires agencies to make electronically available all "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases."  5 U.S.C. § 552(a)(2).

17. Defendant does not make electronically available final opinions and orders pertaining to adjudication of disputes or claims under the NFIP.

18. As a result of the withholding of these documents, UP has been denied the ability to make use of these records.  For example, UP cannot analyze the records to determine how appeals of decisions pertaining to NFIP claims are handled.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552(a)(3))

19. Plaintiff re-alleges, adopts, and incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), an agency is required to make a determination on a FOIA request within 20 days after the receipt of such request and "shall

immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." Under § 552(a)(6)(B)(i), an agency may extend the deadline by 10 working days in "unusual circumstances."

21. Under § 552(a)(6)(A)(ii)(I), an "agency may make one request to the requestor for information and toll the 20-day period while it is awaiting such information that it has reasonably requested." But pursuant to § 552(a)(6)(A)(ii)(II), "the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period." Therefore, even assuming that Defendant's request for "clarification" on December 18, 2014 tolled the 20-day period, the tolling period ended when UP responded on the same day.

22. As such, Defendant has failed to make a determination on UP's FOIA Request, dated September 18, 2014, within 30 days after the receipt of the request, as required under § 552(a)(6)(A)(i) and § 552(a)(6)(B), and 44 C.F.R. § 5.56. Accordingly, pursuant to § 552(a)(6)(C)(i), UP is "deemed to have exhausted [its] administrative remedies with respect to [its] request."

23. UP has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant's failure to comply with § 552(a)(6)(A)(i) and § 552(a)(6)(B), and 44 C.F.R. § 5.56.

## COUNT II
### (Violation of FOIA, 5 U.S.C. § 552(a)(2))

24. Plaintiff re-alleges, adopts, and incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

25. Section 552(a)(2)(A) of FOIA requires federal agencies to "make available for public inspection and copying" several categories of records, including "final opinions" or

"orders, made in the adjudication of cases." This section applies to the types of agency records that, while not required to be published in the Federal Register, should routinely be available to the public.

26.     UP has a right under 5 U.S.C. § 552(a)(2)(A) to inspect by electronic means those requested records that constitute final opinions, including concurring and dissenting opinions, as well as orders made in the adjudication of disputes or claims under the NFIP.

27.     UP also has a right under 5 U.S.C. § 552(a)(2)(D) to inspect "copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same record." Furthermore, 5 U.S.C. § 552(a)(2)(E) requires agencies to make available "a general index of the records referred to under subparagraph (D)."

28.     Defendant has a practice of failing to make these records available to the public by electronic means. Defendant's failure to make such final opinions and other records available by electronic means, and to index such records, violates 5 U.S.C. § 552(a)(2).

29.     UP has been, and will continue to be, injured by Defendant's failure to make the aforementioned information publicly available by electronic means.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.     Enjoin Defendant from withholding the documents requested by UP on September 18, 2014, and order the production of those documents pursuant to 5 U.S.C. § 552(a)(4)(B);

B.     Order Defendant to promptly comply with 5 U.S.C. § 552(a)(2) by making electronically available to the public all current and future final opinions and orders made in the

adjudication of disputes or claims under the NFIP, as well as any records that have or will be released to any person under 5 U.S.C. § 552(a)(3), along with a general index of those records;

    C.    Award UP reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

    D.    Award any other relief as the Court may deem just and proper.

Dated:  February 25, 2015

Respectfully submitted,

/s/ Mark H. Lynch
_____

OF COUNSEL:

Amy Bach, Esq.
Daniel Wade, Esq.
UNITED POLICYHOLDERS
381 Bush Street, 8th Floor
San Francisco, CA  94104
Tel:  (415) 393-9990

Mark H. Lynch
Teresa T. Lewi*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001
Tel: (202) 662-6000

*Attorneys for Plaintiff United Policyholders*

* Member of the Bar of New York, but not admitted in the District of Columbia; supervised by principals of the Firm.